LYNN HUBBARD, III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD,<br><br>Plaintiff,<br><br>vs.<br><br>FORTUNE COMMERCIAL CORPORATION dba SEAFOOD CITY SUPERMARKET; GOLEN EAGLE REAL ESTATE INVESTMENT, L.P.,<br><br>Defendants. | Case No. 08cv0984 JAH (POR)<br><br>**Plaintiff's First Amended Complaint** |

## I. SUMMARY

1. This is a civil rights action by plaintiff Barbara Hubbard ("Hubbard") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Seafood City Supermarket
1340 3rd Avenue
Chula Vista, CA 91911
(hereafter "the Store")

2. Hubbard seeks damages, injunctive and declaratory relief, attorney fees and costs, against Fortune Commercial Corporation dba Seafood City Supermarket and Golden Eagle Real Estate Investment, L.P. (hereinafter collectively referred to as "Seafood City") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Hubbard's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. Seafood City owns, operates, and/or leases the Store, and consists of a person (or persons), firm, or corporation.

8. Hubbard has multiple conditions that affect one or more major life functions. She requires the use of motorized wheelchair and a mobility-equipped vehicle, when traveling about in public. Consequently, Hubbard is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

V. FACTS

9. The Store is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Hubbard visited the Store and encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the Store. To the extent known by Hubbard, the barriers at the Store included, but are not limited to, the following:

- There is either no tow away signage posted or the signage posted is not correct (there are multiple areas that require said signage);
- There is no accessible route from the public way to the entrance of the Store;
- The signage posted in the van accessible parking stall is not correct;
- The signage posted in the disabled parking stall(s) is not correct;
- The International Symbol of Accessibility painted in the disabled parking stall(s) is not correct;
- The scales and plastic bags mounted throughout the Store for customer use are all mounted too high;
- There is a hand washing lavatory provided in one of the seafood sections that does not have the pipes underneath wrapped;
- The seafood counter is too high and does not have a section lowered to accommodate patrons in wheelchairs;
- There are no check stands designated as being accessible to the disabled;

- All of the check stands' aisles are too narrow for the use of a patron in a wheelchair;
- The pay point machines are mounted too high;
- The lock on the restroom door requires pinching, twisting and/or grasping;
- The side grab bar in the restroom is not mounted twelve (12) inches from the back wall;
- The toilet tissue dispenser protrudes into the clear floor space needed to access the water closet;
- The disposable seat cover dispenser is mounted above and behind the water closet, thereby causing it to be out of the required reach range, and more than 40 inches above the floor;
- The water closet is an obstruction to the use of the disposable seat cover dispenser;
- The mirror above the lavatory is mounted at more than 40 inches from the floor;
- The pipes underneath the lavatory(ies) is not properly and/or completely wrapped;
- The operable part of the soap dispenser is mounted at more than 40 inches from the floor; and,
- The operable part of the paper towel dispenser is mounted at more than 40 inches from the floor.

These barriers prevented Hubbard from enjoying full and equal access.

11. Hubbard was also deterred from visiting the Store because she knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12. Hubbard also encountered barriers at the Store, which violate state and federal law, but were unrelated to her disability. Nothing within this Complaint, however, should be construed as an allegation that Hubbard is seeking to remove barriers unrelated to her disability.

13. Seafood City knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Seafood City has the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the Store accessible to the physically disabled. To date, however, Seafood City refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Seafood City has possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Seafood City has not removed such impediments and has not modified the Store to conform to accessibility standards. Seafood City has intentionally maintained the Store in its current condition and has intentionally refrained from altering the Store so that it complies with the accessibility standards.

15. Hubbard further alleges that the (continued) presence of barriers at the Store is so obvious as to establish Seafood City's discriminatory intent.[1] On information and belief, Hubbard avers that evidence of this discriminatory intent includes Seafood City's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Store; conscientious decision to the architectural layout (as it currently exists) at the Store; decision not to remove barriers from the Store; and allowance that the Store continues to exist in its non-

[1] E.g., *Gunther v. Lin,* 144 Cal.App.4th 223, fn. 6

compliant state. Hubbard further alleges, on information and belief, that Seafood City is not in the midst of a remodel, and that the barriers present at the Store are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

16. Hubbard incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Seafood City discriminated against Hubbard by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Store during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

---

2 Id.; 28 C.F.R. § 36.211(b)

21. Here, Hubbard alleges that Seafood City can easily remove the architectural barriers at the Store without much difficulty or expense, and that Seafood City violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not “readily achievable” for Seafood City to remove the Store’s barriers, then Seafood City violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct an Accessible Facility

23. On information and belief, the Store was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren’t readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Seafood City violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public—including Hubbard—when it was structurally practical to do so.[3]

Failure to Make an Altered Facility Accessible

26. On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, Seafood City altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Hubbard—to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, Seafood City violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Hubbard seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Hubbard also seeks a finding from this Court (*i.e.*, declaratory relief) that Seafood City violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

VII. SECOND CLAIM

**Disabled Persons Act**

33. Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, Seafood City discriminated against the physically disabled public—including Hubbard—by denying them full and equal access to the Store. Seafood City also violated Hubbard's rights under the ADA, and, therefore, infringed upon or violated (or both) Hubbard's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Hubbard seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. She also seeks to enjoin Seafood City from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

VIII. THIRD CLAIM

**Unruh Civil Rights Act**

40. Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44. Seafood City's aforementioned acts and omissions denied the physically disabled public—including Hubbard—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Hubbard by violating the Unruh Act.

46. Hubbard was damaged by Seafood City's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47. Hubbard also seeks to enjoin Seafood City from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

48. Hubbard incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Hubbard alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

52. Seafood City's non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Hubbard and other persons with physical disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

X. PRAYER FOR RELIEF

WHEREFORE, Hubbard prays judgment against Seafood City for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Seafood City violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

DATED: July 28, 2008 DISABLED ADVOCACY GROUP, APLC

*/s/ Lynn Hubbard, III, Esquire*
LYNN HUBBARD, III
Attorney for Plaintiff Barbara Hubbard

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.